IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| RAYMOND JIMENEZ | § | |
| VS. | § | CIVIL ACTION NO. 9:19cv83 |
| BOBBY R. GRIMES, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Raymond Jimenez, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Bobby R. Grimes and August D. Bodle, Jr.[1] Plaintiff alleges the defendants failed to protect him from dangerous conditions. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Pending before the court is a motion for summary judgment filed by the defendants (doc. no. 77).

Factual Allegations

On August 22, 2018, plaintiff was incarcerated at the Lewis Unit. Plaintiff alleges that on the morning of the 22nd, Tovi Butcher, the warden of the Lewis Unit, told defendant Grimes, a maintenance project supervisor, that a water leak above the officer's picket[2] had to be repaired by the end of the day, with "no questions asked." Plaintiff states defendant Grimes told him about Warden Butcher's directive. Plaintiff then made defendant Grimes fully aware that there were no materials or proper working tools available to do the repair. Despite what he was told, defendant Grimes insisted that defendant Bodle, a maintenance plumbing supervisor, plaintiff and inmates Reyes, Randy and Smith go repair the leak. Defendant Grimes gave a direct order that someone was

---

[1] Plaintiff also names Tovi P. Butcher and Bob K. Castleberry as defendants. The court previously dismissed the claims against these two individuals.

[2] The officer's picket is a control room. Officers in the picket can open and close cell doors by remote control. *Rodriguez v. Lozano*, 108 F. App'x 823, 825 (5th Cir. 2004).

to go up and locate the leak and find out what it would take to repair it. Defendant Grimes said he would go to town and buy a clamp.

Despite not wanting to do so, plaintiff and inmate Reyes went to repair the leak. Plaintiff asserts he told defendant Bodle it was unnecessary to go up and find out what the problem was. However, defendant Bodle gave the same order defendant Grimes had given.

Plaintiff contends that under applicable prison rules, a safety department officer was to be notified of any task that had to be performed 20 to 25 feet off the ground. He states a safety officer was not contacted about the job he was told to do.

After plaintiff went to the location where the repair was needed, neither defendant Bodle nor defendant Grimes made any effort to provide any safety equipment from the locked room containing tools. Plaintiff states that room is only accessible to prison staff and supervisors.

Plaintiff alleges defendant Bodle unlocked the access door and told plaintiff and inmate Reyes to go up and see what was needed to fix the leak. As defendant Bodle walked away, plaintiff and inmate Reyes, who had not been given safety equipment or working flashlights, climbed up to the third floor. They had to walk on top of water pipes 20-25 feet above the ground in order to get on top of the picket. Plaintiff states walking on the pipes was dangerous and unsafe.

Plaintiff asserts the flashlight they had been given stopped working. As a result of not being able to see, plaintiff fell through the ceiling of the picket and 20-25 feet to the ground. Plaintiff hit a stair rail, which caused serious injuries. He states his injuries included broken ribs, a punctured lung, a lacerated spleen and a dislocated right shoulder.

Plaintiff was knocked unconscious in the fall. After he was awakened by defendant Bodle, medical personnel arrived. Plaintiff was taken to a hospital in Galveston, Texas, where he remained for 20 days.

Documents submitted by the defendants show that an internal investigation determined that the area where plaintiff was working was not strong enough to support his weight. Defendant Bodle was found to have been negligent in permitting plaintiff to work in a space that would not support

his weight and that his negligence was a contributing factor to plaintiff's injuries.[3]  Defendant Bodle was punished by being placed on disciplinary probation for six months.

Standard of Review

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ellison v. Software Spectrum, Inc.*, 85 F.3d 187, 189 (5th Cir. 1996).  A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

On summary judgment, "[t]he moving party has the burden of proving there is no genuine [dispute] of material fact and that it is entitled to judgment as a matter of law." *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246 (5th Cir. 2003).  If the moving party satisfies this burden, "the non-moving party must show that summary judgment is inappropriate by setting forth specific facts showing the existence of a genuine issue concerning every component of its case." *Rivera*, 349 F.3d at 247.  The nonmovant's burden "is not satisfied with some metaphysical doubt as to the material facts, bu conclusory allegation, by unsubstantiated assertions, or by only a scintilla of evidence." *Willis v. Roche Biomedical Labs, Inc.*, 61 F.3d 313, 315 (5th Cir. 1995); *Brown v. Houston*, 337 F.3d 539, 541 (5th Cir. 2003).

As summary judgment is a final adjudication on the merits, courts must employ the device cautiously.  *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir 1991).  In prisoner *pro se* cases, courts must be careful to guard against premature truncation of legitimate lawsuits merely because of unskilled presentations.  *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989).  Summary judgment is not appropriate unless, viewing the evidence in the light most favorable to the

---

[3] The investigation concluded staff could have used a "genie lift" and better judgment to prevent plaintiff's injuries.

nonmoving party, no reasonable jury could return a verdict for that party. *Rubenstein v. Administrators of the Tulane Educational Fund*, 218 F.3d 393, 399 (5th Cir. 2000).

## Analysis

### *Qualified Immunity*

The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Evaluating qualified immunity is a two-step process, with the plaintiff bearing the burden of showing that a defendant is not entitled to immunity. *Wyatt v. Fletcher*, 718 F.3d 496, 502 (5th Cir. 2013). The first step is to determine whether a defendant's alleged conduct has violated a federal right. The second step is to determine whether the right in question was clearly established at the time of the alleged violation such that the defendant was on notice of the unlawfulness of his or her conduct. *Tolan v. Cotton*, 572 U.S. 650, 655-56 (2014) (*per curiam*). A defendant is entitled to qualified immunity if there is no violation or if the conduct did not violate clearly established law at the time. *Id*.

A qualified immunity defense alters the typical summary judgment burden of proof. *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010). In such cases, once the defense has been pleaded, "the burden shifts to the plaintiff, who must rebut the defense by establishing a genuine fact issue as to whether the officials' allegedly wrongful conduct violated clearly established law." *Id*.

### *Failure to Protect*

Plaintiff alleges the defendants exposed him to dangerous conditions and failed to protect him from harm. The Eighth Amendment to the Constitution requires prison officials to protect inmates. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). However, not every injury suffered by a prisoner imposes liability on the prison officials responsible for the prisoner's safety. *Id*.

In order to establish a failure to protect claim, a plaintiff must satisfy two components–one objective and one subjective. *Id*. at 839. To satisfy the objective component, a plaintiff must prove

he was exposed to a substantial risk of serious harm. *Id*. at 834, *Lawson v. Dallas County*, 286 F.3d 257, 262 (5th Cir. 2002). The condition a plaintiff was exposed to "must be so serious as to 'deprive prisoners of the minimal civilized measure of life's necessities.'" *Harris v. Angelina County, Texas*, 31 F.3d 331, 334 (5th Cir. 1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 304 (1994)).

A plaintiff must also demonstrate the defendant was deliberately indifferent. *See Farmer*, 511 U.S. at 834; *Lawson*, 286 F.3d at 262. The deliberate indifference standard is a subjective inquiry; the plaintiff must establish that the defendant was aware of an excessive risk to his health or safety and consciously disregarded the risk. *Farmer*, 511 U.S. at 840-41; *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003). A prison official acts with deliberate indifference "only if he know that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. Prison officials who act reasonably cannot be found to have violated the Eighth Amendment. *Id*. at 845.

"Deliberate indifference is an extremely high standard to meet." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). "Deliberate indifference cannot be inferred merely from a negligent or even grossly negligent response to a substantial risk of harm." *Thompson v. Upshur County, Texas*, 245 F.3d 447, 459 (5th Cir. 2001). "A state actor's failure to alleviate 'a significant risk that he should have perceived but did not,' while 'no cause for commendation,' does not rise to the level of deliberate indifference." *McClendon v. City of Columbia*, 305 F.3d 314, 326 n.8 (5th Cir. 2002) (quoting *Farmer*, 511 U.S. at 837).

*Claim Against Defendant Bodle*

As stated above, an internal review concluded Defendant Bodle's negligence contributed to plaintiff's injuries. It is difficult to disagree with this assessment. However, as previously explained, negligence does not constitute deliberate indifference.

The record does not indicate defendant Bodle knew that by ordering plaintiff to go up and repair the leak, he was exposing plaintiff to a substantial risk of serious harm. There is no indication Defendant Bodle knew the space where plaintiff was working would not support his weight.

5

Defendant Bodle should have been more careful before directing plaintiff to go up and fix the leak. And perhaps he should have taken the time to obtain more safety equipment. However, this is speculation about how defendant Bodle should have acted. To withstand summary judgment, plaintiff's allegations must permit a reasonable jury to conclude Defendant Bodle was deliberately indifferent. He has failed to meet this burden. *See Bowie v. Procunier*, 808 F.2d 1142 (5th Cir. 1987) (holding that failure to provide adequate safety equipment to inmate who lost eye while chopping wood did not constitute deliberate indifference).

Plaintiff has failed to show there is a genuine dispute of material fact as to whether defendant Bodle violated his constitutional rights. As a result, he is entitled to summary judgment based upon qualified immunity.

*Claim Against Defendant Grimes*

Plaintiff alleges defendant Grimes told him Warden Butcher had ordered that the leak be fixed that day. While plaintiff states he told defendant Grimes there were not materials or proper working tools to do the job, Defendant Grimes nevertheless ordered plaintiff and other inmates to fix the leak.

In hindsight, it was careless and perhaps negligent for defendant Grimes to ignore what plaintiff said. And it is likely defendant Grimes should have done more to investigate the working conditions plaintiff would be exposed to in trying to repair the leak. However, plaintiff's assertions demonstrate no more than that defendant Grimes disagreed with plaintiff's view as to whether the job could be performed safely. While plaintiff's judgment on this point turned out to be accurate, his allegations do not demonstrate defendant Grimes believed the job could not be performed safely but nevertheless ordered plaintiff to perform the job. As a result, plaintiff's allegations are insufficient to permit a reasonable jury to conclude defendant Grimes was aware that the working conditions would expose plaintiff to a substantial risk of serious harm. *See Lerma v. Falks*, 338 F. App'x 472, 474 (5th Cir. 2009) (defendants were not deliberately indifferent where the plaintiff alleged they knew equipment was malfunctioning but not that they realized it posed an excessive

risk of harm); *Moore v. Campbell*, 48 F. App'x 103 (5th Cir. 2002) (no deliberate indifference where the plaintiff informed the defendants that equipment was not working properly). Defendant Grimes is therefore entitled to summary judgment based upon qualified immunity.

## Recommendation

The motion for summary judgment should be granted.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

SIGNED this 29th day of January, 2023.

_____
Zack Hawthorn
United States Magistrate Judge